KATRINA OOMS ET AL. *v.* THEODORA OOMS ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued October 6—decided November 1, 1972

*William J. Egan,* with whom, on the brief, was *Basil R. Duncan,* for the appellants (plaintiffs).

*John C. Flanagan,* for the appellee (named defendant).

MacDonald, J.  This was an action by the named plaintiff, an unemancipated minor, and her father to recover damages for injuries suffered when she was struck by a motor vehicle while crossing a street.  One of the defendants, the named defendant, was the named plaintiff's mother who, it was claimed, caused the child's injuries by reason of her negligent operation of the family car in which the named plaintiff had been riding as a passenger immediately prior to the accident.  As a special defense the defendant mother pleaded the doctrine

of parental immunity and moved for summary judgment, alleging that the named plaintiff's injuries did not result from her negligence in the operation of a motor vehicle and that, consequently, § 52-572c of the General Statutes, which abrogates immunity suits between parent and unemancipated child in motor vehicle negligence actions, did not apply.

The basic facts, as set forth in the pleadings, are undisputed and indicate that on July 28, 1968, the named plaintiff, then almost four years of age and residing with her parents, was riding as a passenger on the right front seat of an automobile operated by her mother, the named defendant, in a northerly direction on West Prospect Street, a public highway in the city of New Haven; that the named defendant stopped her automobile in a traveled lane of the highway and permitted the named plaintiff to leave the automobile and cross the highway alone; that while the named plaintiff was crossing the highway she was struck by another motor vehicle being operated in a southerly direction on said highway, thereby suffering the injuries complained of. These facts were substantially confirmed by the affidavit filed by the named defendant in support of her motion for summary judgment and by the defendant's answer to the complaint and were not placed in issue by the counter affidavit filed in behalf of the plaintiffs.

In appealing from summary judgment rendered on the named defendant's motion, the plaintiffs contend, inter alia, that the doctrine of parental immunity for negligence is obsolete in our present-day society and should be totally abrogated. This doctrine was discussed and reaffirmed in *Begley* v. *Kohl & Madden Printing Ink Co.*, 157 Conn. 445, 254 A.2d 907, where we stated (p. 449): "For a long

period of time, it has been the law in this state that an unemancipated minor cannot maintain an action for negligence against his parent. *Mesite* v. *Kirchenstein,* 109 Conn. 77, 82, 145 A. 753. . . . [p. 450] To permit such actions is against sound public policy." In reaffirming the doctrine we restated with approval the reasons for adherence thereto as set forth in the *Mesite* case, supra, 84, and we see no reason to reexamine that position at this time.

The named plaintiff next urges that her injuries were caused by her mother's negligent operation of a motor vehicle within the meaning of § 52-572c which provides, in relevant part, that "[i]n all actions accruing after July 1, 1967, for negligence in the operation of a motor vehicle resulting in personal injury . . . the immunity between parent and child in such negligence action brought . . . by or on behalf of a child against his parent is abrogated." The fatal weakness of that claim is that on the facts of this case, regardless of whether the named defendant can be considered to have been negligent in the operation of her automobile when she stopped it on the traveled portion of the highway, it was not that act on her part which resulted in the named plaintiff's injury, but rather the named defendant's subsequent and entirely separate act which is described in the named plaintiff's own brief as "allowing her 3-year old daughter to cross the street unattended and without providing an adequate warning or a proper lookout for other vehicles." The named plaintiff recognizes that these were two separate acts and it was clearly the latter act, in no way related to the operation of a motor vehicle, which directly resulted in the named plaintiff's injury. "It is elementary that, in a negligence case, a causal relation between a defendant's wrongful con-

duct and a plaintiff's injury must be established in order for the plaintiff to recover damages." *Cardona* v. *Valentin,* 160 Conn. 18, 24, 273 A.2d 697.

Since no causal relationship existed between the named defendant's act of stopping her car in the traveled portion of the highway and the subsequent injury to the named plaintiff, it is not necessary for us to discuss the meaning of the words "operation of a motor vehicle" as used in the statute.

Since the unemancipated child could not recover from the named defendant, neither could her father recover for his expenditures made in her behalf. *Shiels* v. *Audette,* 119 Conn. 75, 77, 174 A. 323.

There is no error.

In this opinion the other judges concurred.