[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented at short calendar is whether pursuant to General Statutes 52-102a(a) and Practice Book 117, the defendants' CT Page 1631 motion to implead (#111) a third-party defendant who is or may be liable to them should be granted.
By way of background, the plaintiff, Carol Finley, filed a two-count complaint dated July 19, 1990, the first count in her capacity as parent and next friend of plaintiff Justin Finley, and the second count individually as to all defendants. The summons refers to Frank Tortora, Sr., president of West Side Hardware, Inc. "or" Frank Tortora, Jr., vice-president of West Side Hardware, Inc. (defendant West Side Hardware) as defendants, whereas the complaint refers to West Side Hardware, Inc. d/b/a West Side Hardware and Supply, Inc. John Melia, an alleged employee of West Side Hardware, is also named as a defendant.
Plaintiffs allege that on August 9, 1988 defendant Melia, acting within the scope of his employment, was operating a fork lift machine owned by defendant West Side Hardware. On that day plaintiff Justin Finley, then eight years of age, visited the premises of West West Side Hardware with his father, James Finley. The plaintiff further alleges that Justin was injured by the fork lift due to the negligence of defendants Melia and West Side Hardware.
The second count which is directed against all defendants incorporates the first count and alleges that as a result of defendants' negligence, plaintiff Carol Finley has expended and will continue to expend monies for medical care and attention for her son Justin.
In a motion to implead dated October 17, 1990, the defendants moved the court for permission as third-party plaintiffs to serve a writ, summons and complaint against the third-party defendant James Finley, Justin's father, pursuant to Practice Book 117. The proposed complaint alleges that any possible injuries suffered by plaintiff Justin were proximately caused by the negligence and carelessness of his father, the proposed third-party defendant James Finley. Defendants/third-party plaintiffs claim indemnification and contribution against Mr. Finley. The plaintiffs objected to the defendants' motion to implead on the ground that the parental immunity doctrine bars the imposition of liability upon a father who allegedly negligently supervises his child. The plaintiffs also argue that defendants have no right of contribution or indemnification from James Finley and further argue that a third-party action would unduly delay the trial and work a substantial injustice on the plaintiffs.
The issues of parental immunity and lack of contribution or indemnification rights, however, are not the proper grounds for objecting to a motion to implead. General Statutes 52-102a(a) states that a motion to implead may be filed at any point before trial and may be granted at the court's discretion if "it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." CT Page 1632
Although not properly before the court at this time, I thought it would be helpful to the parties to comment briefly on the parental immunity doctrine which is said to bar "an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent . . . Under this doctrine `a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority. . . .'" Dubay v. Irish, 207 Conn. 518, 523, 542 A.2d 711 (1388). Public policy is the basis for the parental immunity doctrine: "`[a]uthority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the state.'" Dzenutis v. Dzenutis,200 Conn. 290, 293, 512 A.2d 130 (1986).
Although the parental immunity doctrine has been abrogated for actions involving negligence in the operations of motor vehicles, aircraft and boats; General Statutes 52-572c: and negligence of the parent in the course of conducting a business, Dzenutis Id. 301; nevertheless, in Connecticut the doctrine has not been abrogated in cases of negligent supervision. Ooms v. Ooms, 164 Conn. 48, 51, 316 A.2d 783 (1972); White v. Men-Boz, Inc,. 4 CSCR 623 (July 21, 1989, Schaller, J.).
As to the issue of whether a parent who has already been impleaded may avoid suit for negligent supervision, no Connecticut cases were located precisely on point, but in an analogous situation it was held that a counterclaim alleging negligent supervision was barred by parental immunity. In White v. Men-Boz, Inc., 4 CSCR at 623 (1989), a plaintiff brought an action against the defendant on her own behalf, and on behalf of her minor daughter, alleging negligence by the defendants. The defendants counterclaimed alleging negligent supervision, but the court granted the plaintiff's motion to strike the counterclaim on the ground that it was barred by parental immunity. See also Fritz v. Anderson, 148 N.J. Super 68, 371 A.2d 833 (1977). Furthermore. "[t]he general rule in New York is that a minor child has no cause of action against his parent for negligent supervision, and a negligent parent is not subject to a third party's claim for apportionment of responsibility. (citation omitted)". Middleton v. Village of Nichols,114 Misc.2d 596, 597, 452 N.Y.S.2d 157, 159 (1982). See also Kendall v. Sears, 634 S.W.2d 176, 180 (Mo.Banc (1982): "parental immunity bars any action by a defendant seeking to apportion liability with one clothed in such immunity, whether it be by impleader or counterclaim".
On the other hand, courts in some other jurisdictions have held that an action for contribution against a parent of an injured minor-plaintiff can be maintained not withstanding the child's inability to use the parent directly, and even where parental liability is based upon negligent supervision. See Quest v. Joseph, 392 So.2d 256
(Fla.Dist.Ct. App. 1980) (on rehearing, January 7, 1981). So this issue will have to be analyzed in the context of a motion to strike the third-party complaint as being legally insufficient due to parental immunity. CT Page 1633
Another issue may be the application of General Statutes 52-572h(c) (Tort Reform II) as Justin's injuries occurred after October 1, 1987.
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
"`What is now Connecticut General Statutes 52-572h abolishes the common law rule of no contribution among tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" (citation omitted). `Each [defendant] is fully liable for his own negligence but is not liable at all for the negligence of any other defendant.'"
Hillman v. York Auto of New Haven, 2 CTLR 548 (November 26, 1990).
Although no Connecticut cases were found interpreting Tort Reform II in the context of a third-party complaint not barred by parental immunity, the Supreme Court of New Jersey interpreted a similar statute in Foldi v. Jeffries, 93 N.J. 533, 461 A.2d 1145 (1983). In Foldi, the minor plaintiff brought suit against the owners of a dog which had bitten her. The defendants filed a third-party complaint against the plaintiff's parents alleging negligent supervision and seeking indemnification from them and then filed an amended complaint adding her parents as defendants. The Appellate Division in New Jersey held that the parental immunity doctrine barred both the plaintiff's claim and the defendant dog owners' third-party claim for indemnity. The New Jersey Supreme Court affirmed holding that while parental immunity bars a suit for negligent supervision, there is no immunity for a parent who demonstrates willful or wanton misconduct in supervising his or her child. Foldi v. Jeffries, Id. at 547-48. The court stated:
 [T]he comparative fault of parents guilty of willful or wanton misconduct should be factored into the allocation of liability in cases involving third-party joint tortfeasors. Although it would perhaps be fairest to those third parties to consider the parents' contributory fault in all cases, we draw a line for policy reasons . . . that takes into account at least some of their interests. See N.J.S.A. 2A:15-5.1
In conclusion the motion to implead should be and is hereby CT Page 1634 granted and the issue of whether the third-party complaint is legally insufficient due to parental immunity can be asserted by way of a motion to strike after the third-party defendant is impleaded.
SO ORDERED.
Dated at Stamford, Connecticut this fourth day of February, 1991.
LEWIS, J.