[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
M/D RE MOTION TO STRIKE
Whether third-party defendant's motion to strike the third-party complaint should be granted. The motion should be granted if the court agrees that parental immunity bars the action under the circumstances of this case.
Presently before the court is third-party defendant James Finley's motion to strike the third-party complaint in this personal injury action, which alleges, essentially, that James Finley negligently supervised his minor son, Justin Finley, at the time of the incident which caused Justin's injuries. The alleged facts in this case are as follow.
On August 9, 1988, the plaintiff, Justin Finley, was visiting the premises of defendant Westside Hardware with his father, James Finley. While there, Justin stood on a fork lift machine and had his left leg crushed by the machine. The plaintiff's complaint alleges that Justin's injuries and damages resulted from being on the fork lift machine, and were caused by the negligence of defendant John Melia.
The third-party complaint alleges that on the date of the accident John Melia was operating a fork lift machine empty of cargo, but carrying plaintiff Justin Finley on one of the prongs of the fork lift. While so operating the fork lift, Melia passed within five feet of James Finley, the third-party defendant, and continued past him, whereupon the injuries and damages were allegedly sustained by Justin. The third-party plaintiff claims that any injuries or damages sustained by Justin were proximately caused by the negligence and carelessness of his father, James, in that he failed to supervise Justin amidst heavy machinery, permitted Justin to ride on a fork lift, failed to attempt to stop the operation of the fork lift when he knew or should have known that Justin was riding on it, and failed to exercise reasonable care for the safety of his son. The third-party plaintiffs claim indemnification, contribution, and other just and equitable relief.
The third-party defendant moves pursuant to Practice Bk. 152 to strike the third-party complaint on the following grounds: CT Page 7956
1. The parental immunity doctrine bars the imposition of liability on the father where the alleged negligent conduct involves the exercise of parental authority or supervision.
2. The defendants have no right to contribution or indemnification by James Finley.
3. James Finley is not a tortfeasor as defined by General Statutes 52-572(c), therefore liability cannot be apportioned to him.
Both parties have filed memoranda of law in support of their respective positions, pursuant to Practice Bk. 155. (James Finley has adopted the memorandum of law of the plaintiffs filed in support of their previous motion to strike).
A motion to strike tests the legal sufficiency of a pleading. Practice Bk. 152 (rev'd to 1978, updated to 1990). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985). In ruling on a motion to strike, the court may not look outside the pleadings for facts not alleged. Cavallo v. Derby Savings Bank, 188 Conn. 281, 286, 449 A.2d 986 (1982).
The doctrine of parental immunity was previously explained in this case by Judge Lewis in his memorandum of Decision on defendants' Motion to Implead James Finley as a third-party. In this discussion, Judge Lewis stated the following:
Although not properly before the court at this time, I thought it would be helpful to the parties to comment briefly on the parental immunity doctrine which is said to bar "an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent . . . Under this doctrine `a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority . . .'" Dubay v. Irish,207 Conn. 518, 523, 542, A.2d 711 (1988). Public policy is the basis for the parental immunity doctrine: "`[a]uthority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything which undermines this authority brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the state.'" Dzenutis v. Dzenutis, 200 Conn. 290, 293,512 A.2d 130 (1986).
Although the parental immunity doctrine has been abrogated for actions involving negligence in the operations of motor vehicles, aircrafts and boats ; General Statutes 52-572c ; and negligence of the parent in the course of conducting a business, Dzenutis Id. 301 ; nevertheless, in Connecticut the doctrine has CT Page 7957 not been abrogated in cases of negligent supervision. Ooms v. Ooms, 164 Conn. 48, 51, 316 A.2d 783 (1972); White v. Men Boz, Inc., 4 CSCR 623 (July 21, 1989, Schaeller, J.).
As to the issue of whether a parent who has already been impleaded may avoid suit for negligent supervision, no Connecticut cases were located precisely on point, but in an analogous situation it was held that a counterclaim alleging negligent supervision was barred by parental immunity. In White v. Men-Boz, Inc., 4 CSCR at 623 (1989), a plaintiff brought an action against the defendant on her own behalf, and on behalf of her minor daughter, alleging negligence by the defendants. The defendants counter claimed alleging negligent supervision, but the court granted the plaintiff's motion to strike the counterclaim on the ground that it was barred by parental immunity. See also Fritz v. Anderson, 148 N.J. Super 68, 371, A.2d 833 (1977). Furthermore, "[t]he general rule in New York is that a minor child has no cause of action against his parent for negligent supervision, and a negligent parent is not subject to a third party's claim for apportionment of responsibility. (citation omitted)." Middleton v. Village of Nichols, 114 Misc.2d 596, 597, 452 N.Y.S.2d 157,159 (1982). See also Kendall v. Sears, 634 S.W.2d 176, 180 (Mo Banc (1982): "parental immunity bars any action by a defendant seeking to apportion liability with one clothed in such immunity, whether it be by impleader or counterclaim."
On the other hand, courts in some other jurisdictions have held that an action for contribution against a parent of an injury minor-plaintiff can be maintained not withstanding the child's inability to use the parent directly, and even where parental liability is based upon negligent supervision. See Quest v. Joseph392 So.2d 256 (Fla.Dist.Ct.App. 1980) (on rehearing, January 7, 1981). So this issue will have to be analyzed in the context of a motion to strike the third-party complaint as-being legally insufficient due to parental immunity.
Another issue may be the application of General Statutes 52-572h(c) (Tort Reform II) as Justin's injuries occurred after October 1, 1987.
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section. CT Page 7958
"`What is now Connecticut General Statutes 52-572h abolishes the common law rule of no contribution among tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" (citation omitted). `Each [defendant] is fully liable for his own negligence but is not liable at all for the negligence of any other defendant.'"
Hillman v. York Auto of New Haven, 2 CTLR 548 (November 26, 1990).
Although no Connecticut cases were found interpreting Tort Reform II in the context of a third-party complaint not barred by parental immunity, the Supreme Court of New Jersey interpreted a similar statute in Foldi v. Jeffries, 93 N.J. 533, 461, A.2d d1145 (1983). In Foldi, the minor plaintiff brought against the owners of a dog which had bitten her. The defendants filed a third-party complaint against the plaintiff's parent alleging negligent supervision and seeking indemnification from them and then [the plaintiff] filed an amended complaint adding her parents as defendants. The appellate Division in New Jersey held that the parental immunity doctrine barred both the plaintiff's claim and the defendant dog owners' third-party claim for indemnity. The New Jersey Supreme Court affirmed holding that while parental immunity bars a suit for negligent supervision, there is no immunity for a parent who demonstrates willful or wanton misconduct in supervising his or her child. Foldi v. Jeffries, Id. at 547-48. The court stated:
 The comparative fault of parents guilty of willful or wanton misconduct should be factored into the allocation of liability in cases involving third-party joint tortfeasors. Although it would perhaps be fairest to those third parties to consider the parents' contributory fault in all cases, we draw a line for policy reasons. . . that takes into account at least some of their interest. See N.J.S.A. 2A:15-5.1
(Memorandum of decision Motion to Implead, D.N. CV-90-0110630S, Judicial District of Stamford/Norwalk at Stamford, February 4, 1991, Lewis, J.
It is the opinion of the court that the third-party plaintiff has not plead facts which would bring this case within either of the exceptions to the parental immunity doctrine. However, the court chooses to follow the cases allowing such a claim, see, e.g., Quest vs. Joseph, supra, and therefore, the motion to strike is denied. CT Page 7959
John J. P. Ryan, J.