[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO ORDER TO JOIN DEFENDANT, OR IN THE ALTERNATIVE TO IMPLEAD
On April 13, 1992, the plaintiffs, Marilyn Ortiz, a minor, through her mother and next best friend, Maria Colon, and Maria Colon individually, filed a two count complaint against the defendants, Winston Douglas and Gloria Douglas, seeking to recover for injuries allegedly sustained by Marilyn Ortiz when she fell from a porch. In the first count, the plaintiffs allege that Marilyn Ortiz's injuries were caused by the negligence of the defendants. In the second count, Maria Colon seeks to recover for the medical expenses she allegedly incurred or will incur for the treatment of her daughter's injuries.
On December 31, 1992, the defendants filed an answer and three special defenses. In the first special defense, the defendants allege that Maria Colon was negligent in supervising her daughter, and that her conduct "caused or was a substantial factor in bringing about any injury or damage claimed." (First Special Defense, paras. 1, 2). The defendants further allege that "[t]he amount of damages recoverable from the defendants by the plaintiffs, if any should be reduced in proportion to which the culpable conduct attributable to Maria Colon bears to the culpable conduct which otherwise caused the damage (the culpable conduct of the defendants being denied) in accordance with Connecticut General CT Page 4229 Statute[s] 52-572h." (First Special Defense, para. 3). In the second special defense, the defendants incorporate the allegations of the first and second paragraphs of the first special defense, and further allege that "Maria Colon's conduct is greater than that of the defendants and therefore Connecticut General Statute[s] Section52-572h(b) bars any recovery by said plaintiff." (Second Special Defense, para. 3). In the third special defense, the defendants incorporate the allegations of the first and second paragraphs of the first special defense and further allege that "Maria Colon's conduct was a proximate cause of the injuries alleged and therefore if the defendants are required to pay in excess of their proportionate share, said defendants have a right of contribution pursuant to Connecticut General Statute[s]52-572h(h)." (Third Special Defense, para. 3).
On January 8, 1993, the defendants filed a "Motion for Order to Join Defendant, or in the Alternative to Implead." In their motion, the defendants request an order joining Angel Ortiz as a party defendant, pursuant to General Statutes 52-102 and 52-572h and Practice Book 117. The defendants move "[i]n the alternative, . . . pursuant to Practice Book 117 for permission as third party plaintiffs to implead Angel Ortiz who is not yet a party, but may be responsible for all or part of the plaintiffs' claims." (Defendants' Motion for Order, p. 1). The defendants assert that the plaintiffs' injuries were proximately caused by the negligence of Angel Ortiz, and it is necessary that he be made a party in order that the jury may allocate the percentage of negligence attributable to him. The defendants attached to their motion a copy of a proposed amended complaint and a proposed third-party complaint, along with the following proposed orders:
ORDER
The foregoing motion for order to cite in having been considered is ordered: GRANTED/DENIED as such, the plaintiffs are ordered to sign the amended complaint and the defendant [sic] to serve a party joined, Angel Ortiz, by __________ with a return date of __________ by the court. BY THE COURT CT Page 4230 _______________ JUDGE/CLERK
In the alternative
ORDER TO SERVE THIRD-PARTY COMPLAINT
It appearing that the foregoing motion should be granted, it is hereby ordered that on or before _________ the defendant [sic] should file a third-party complaint and summons upon Angel Ortiz to appear as a defendant on or about the second day following __________ by causing some proper office to serve on him in the manner prescribe by law a true and attested copy of this order, a true and attested or certified copy of the complaint in this action together with a civil summons and due return of the make [sic] by the court [sic].
 BY THE COURT _______________ JUDGE/CLERK
It is apparent from the defendants' allegations in the proposed amended complaint and the proposed third-party complaint that Angel Ortiz is Marilyn Ortiz's father. In the proposed amended complaint, the defendants repeat the allegations of the plaintiffs' complaint in the first two counts, and further propose four new counts against Angel Ortiz sounding in negligence and recklessness. In the proposed third-party complaint, the defendants assert two counts. In the first count, the defendants allege that "[t]he defendants believe that the injury or damage claimed, if any, to the plaintiffs was caused by the negligence or carelessness of the third-party defendant, Angel Ortiz" in that he failed to supervise his child or prevent her from playing in the area where injury could naturally or probably result. (Proposed Third-Party Complaint, Count One, para. 5). In the second count, the defendants allege that "[t]he defendants believe that the injury or damage claimed, if any, to the plaintiffs, was caused by the willful, wanton, or reckless conduct of the third-party defendant Angel Ortiz" in that he failed to supervise his child or prevent her from playing in an area where injury CT Page 4231 could naturally or probably result. (Proposed Third-Party Complaint, Count Two, para. 5). In their prayer for relief in the proposed third-party complaint, the defendants seek contribution, and/or apportionment of responsibility to the third-party defendant pursuant to General Statutes 52-572h.
On January 13, 1993, the plaintiffs filed an "Opposition to Motion for Order to Join Defendant." In their opposition, the plaintiffs state that they do not oppose the defendants' alternative motion to serve Angel Ortiz as a defendant in a third-party action pursuant to Practice Book 117; however, the plaintiffs do oppose the defendants' motion to join Angel Ortiz as a defendant in the plaintiffs' action. The plaintiffs argue that by moving to join Angel Ortiz as a party defendant, the defendants seek to compel Marilyn Ortiz to make allegations against her father, Angel Ortiz, which she neither endorses nor supports. The plaintiffs argue that "such an attempt is clearly improper given the availability of joining Mr. Ortiz as a defendant by means of impleading" pursuant to General Statutes 52-102a. (Plaintiffs' Opposition, pp. 1-2).
General Statutes 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages except as provided in subsection (g) of this section.
General Statutes 52-572h "`abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault.'" (Citation omitted.) Deveau v. Buccheri,4 Conn. L. Rptr. 280 (July 3, 1991, Hennessey, J.). Under General Statutes 52-572h, as amended by Public Act 87-227, "`a CT Page 4232 defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party of the action.'" (Citation omitted.) Id., 281, quoting Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.).
Motion to Cite In
General Statutes 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
(Emphasis added.) "`Section[s] 52-102 and 52-572h
establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff.'" (Citation omitted.) Deveau v. Buccheri, supra, quoting Howard v. Capellan, supra, 69.
Angel Ortiz would be a necessary party to the action for purposes of apportioning liability for damages under General Statutes 52-572h and thus falls within the purview of General Statutes 52-102(2), which provides that a person "shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein." However, General Statutes 52-102(2) also contains a caveat providing that "no person who is immune from liability shall be made a defendant in the controversy." In the proposed pleadings submitted by the defendants, the defendants allege that Angel Ortiz is the minor plaintiff's father and that the minor plaintiff's CT Page 4233 injuries were caused by Angel Ortiz's negligent supervision and/or his reckless failure to supervise. In Connecticut the parental immunity doctrine has not been abrogated in cases of negligent supervision. See Dubay v. Irish, 207 Conn. 518, 525-27, 542 A.2d 711 (1988).
 The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent. Dzenutis v. Dzenutis, 200 Conn. 290, 293, 512 A.2d 130 (1986), Ooms v. Ooms, 164 Conn. 48, 51, 316 A.2d 783 (1972). Under this doctrine "a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority. . . ."
(Emphasis omitted.) Dubay v. Irish, supra, 523, quoting Mesite v. Kirchenstein, 109 Conn. 777, 82-83, 145 A. 759
(1929). Angel Ortiz, as the father of Marilyn Ortiz, would be immune from liability. Accordingly, the motion to cite in Angel Ortiz as an additional defendant pursuant to General Statutes 52-102 is denied.
The defendants' proposed order requiring the plaintiffs "to sign the amended complaint and the defendant [sic] to serve a party joined, Angel Ortiz," as well as the proposed amended complaint drafted by the defendants are both improper under General Statutes52-102. The proper order for citing in additional defendants under General Statutes 52-102 is an order that the plaintiff amend the complaint to state facts showing the interest of the party to be cited in. See Practice Book Form 106.4.[1] Neither the Practice Book nor any provision of the General Statutes confer a right upon a defendant to draft a complaint for the plaintiff which the plaintiff must then adopt and sign, simply because the defendant seeks to add a party to the plaintiff's action.
With respect to the additional allegations of recklessness against Angel Ortiz contained in the defendants' proposed amended complaint, such allegations, as discussed above, are improper because the defendants are not entitled to plead the plaintiffs' case for them, or to assert claims which the plaintiffs may not have CT Page 4234 chosen to assert if the plaintiffs were ordered pursuant to General Statutes 52-102 to amend their complaint to state facts showing the interest of the party to be cited in. See Practice Book Form 106.4. The plaintiffs' complaint contains no factual allegations from which any recklessness could be inferred, whether on the part of the defendants or any other unnamed persons, with respect to the minor plaintiff's fall from the porch.
Motion to Implead
General Statutes 52-102a(a) provides:
 A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
(Emphasis added.) See also Practice Book 117. "General Statutes 52-102a permits a defendant who believes that a nonparty individual `is or may be liable to him for all or part of the plaintiff's claim against him' to move the trial court to permit service of a summons and complaint on that individual." Cupina v. Bernklau, 17 Conn. App. 159,164, 551 A.2d 37 (1988). A defendant does not have a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court. Id.
General Statutes 52-572h(c) provides for apportionment of damages among parties. A person is made a party to an action upon service by the plaintiff of a summons and complaint. General Statutes 52-45a. The service of a summons and third-party complaint by a defendant pursuant to General Statutes 52-102a would not confer party status in the original action upon the CT Page 4235 third-party defendant so served, such that the third-party defendant's negligence would be considered in apportioning liability for the plaintiff's damages.
General Statutes 52-102a provides that a defendant may implead a person "who is not a party to the action who is or may be liable to him for all or part of a plaintiff's claim against him." (Emphasis added.) The defendants in this action do not assert in their motion and do not allege in any of their proposed pleadings that Angel Ortiz is liable to them, but rather claim that Angel Ortiz is liable to the plaintiffs. This court has previously held, as discussed above, that a motion to cite in pursuant to General Statutes 52-102, rather than a motion to implead pursuant to General Statutes52-102a, is the appropriate vehicle for adding a defendant to a plaintiff's action for purposes of apportioning liability pursuant to General Statutes52-572h(c). Deveau v. Buccheri, supra, citing Howard v. Capellan, supra. Accordingly, the defendants' attempt to bring a third-party action against Angel Ortiz pursuant to General Statutes 52-102a is not the proper method for bringing him into the plaintiffs' action for purposes of apportioning damages pursuant to General Statutes52-572h(c). See Deveau v. Buccheri, supra, citing Howard v. Capellan, supra. As discussed above, Angel Ortiz may not be cited in the plaintiffs' action, pursuant to General Statutes 52-102 because he is immune from liability as the parent of the minor plaintiff. The defendants cannot circumvent the provisions of General Statutes 52-102 by instead seeking to implead Angel Ortiz under General Statutes 52-102a. See White v. Men-Boz, Inc., 4 CSCR 623 (July 21, 1989, Schaller, J.) (court granted motion to strike counterclaim based upon persuasive authority from a majority of other jurisdictions holding that where a parent cannot be sued by his child in a direct action, the parent cannot be subject to a third party's claim.) But see Finley v. Tortora, 5 Conn. L. Rptr. 56, 57-58 (September 27, 1991, Ryan, J.) (based upon law from other jurisdictions, court denied motion to strike third-party complaint on ground that parental immunity does not bar a claim against the parents of an injured child for indemnification or contribution based upon negligent supervision.) CT Page 4236
With respect to the defendants' claim for contribution in the proposed third-party complaint, the wording of General Statutes 52-572h(g) and 52-572h(h) contemplate that such a right arises on the part of one or more defendants, who have paid more than their proportionate share of a judgment where the amount of damages has been apportioned among all liable defendants, against any one or more of the defendants who have failed to pay their proportionate share. See General Statutes52-572(g) and (h). Indeed, this court has previously considered the wording of General Statutes 52-572h(g) and (h) and has held that the "`right to contribution attaches only after a final judgment has been rendered'" in a plaintiff's action and a defendant has been required to pay more than his proportionate share of the judgment in that action. Downs v. Torres, 4 Conn. L. Rptr. 487, 488 (August 29, 1991, Hennessey, J.), quoting Vahey v. Dodson, 3 Conn. L. Rptr. 73 (December 31, 1990, Nigro, J.); see also Rondeau v. Ritenour, 1 Conn. L. Rptr. 413
(March 28, 1990, Spear, J.).
As discussed above, impleading Angel Ortiz as a third-party defendant would not make him a defendant to the plaintiffs' action for purposes of apportionment pursuant to General Statutes 52-572h(c). Since there has been no final judgment in the plaintiffs' action in which these defendants have had to pay more than their proportionate share, any claim by these defendants by way of a third-party to the plaintiffs' action, is both improper and premature. Accordingly, the defendants' motion to implead Angel Ortiz in order to seek contribution is denied.
For all the foregoing reasons, the defendants' "Motion for Order to Join Defendant, or in the Alternative to Implead" is denied in its entirety.
Mary R. Hennessey, Judge