[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE COUNT ONEOF DEFENDANT'S APPORTIONMENT COMPLAINT
On January 28, 1997, the minor plaintiff, Cody Prince (the plaintiff), filed a four-count revised complaint alleging negligent operation of a motor vehicle by the defendant Elba Trinidad (Trinidad), and seeking to hold the defendants, Bohdan G. Seniw and Cynthia B. Seniw (the Seniws), liable under the doctrine of respondeat superior. In the fourth count, the plaintiff seeks to recover underinsured motorist coverage benefits pursuant to an insurance policy issued to his parents from the defendant, Metropolitan Property Casualty Ins. Co. (Metropolitan). By a memorandum dated April 28, 1997, Metropolitan filed a two count apportionment complaint against the plaintiff's father, William Prince (the apportionment defendant), and sister, Cassi Prince, alleging negligence. In count one, Metropolitan alleges that the collision was caused "in whole or in part" by the negligence of the apportionment defendant. On July 10, 1997, the plaintiff moved to strike count one of the apportionment complaint on the ground that the apportionment defendant is immune from liability under the doctrine of parental immunity. The plaintiff filed a memorandum of law in support of his motion. On July 25, 1997, Metropolitan filed a memorandum of law in opposition. CT Page 9297
The plaintiff moves to strike count one of the apportionment complaint on the ground that it seeks apportionment of damages from his father, the apportionment defendant, even though he is immune from liability under the parental immunity doctrine. Metropolitan maintains that the apportionment defendant was operating a motor vehicle at the time of the accident, and therefore, he falls within an exception to the parental immunity doctrine established by General Statutes § 52-572c.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff [defendant herein]." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id., 826.
"Under the liability apportionment system, a defendant who believes that a nonparty is responsible for some or all of the plaintiff's injuries could implead the nonparty. General Statutes § 572h."[1] Cooper v. Delta Chi Housing Corp.,41 Conn. App. 61, 65, 674 A.2d 858 (1996). General Statutes §52-102b(c), provides, in pertinent part: "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." Public Acts 1995, No. 95-111, which enacted General Statutes § 52-102b, became effective on July 1, 1995, and was made applicable to any civil action filed on or after said date. In the present case, the plaintiff filed his complaint on December 18, 1996. Therefore, Metropolitan is barred from making an apportionment defendant a party to this action if such individual is found to be immune from liability. See General Statutes § 52-102b(c).
"The parental immunity doctrine bars an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent. . . . Under this doctrine a parent is not liable civilly to his child for personal injury inflictedduring [the child's] minority . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 523, 542 A.2d 711 (1988). General Statute CT Page 9298 § 52-572c provides, in pertinent part: "In all actions for negligence in the operation of a motor vehicle . . . resulting in personal injury, wrongful death or injury to property, the immunity between parent and child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated." (Emphasis added.) Metropolitan claims that its apportionment complaint alleges sufficient facts to show that the apportionment defendant was "operating his motor vehicle" at the time of the accident, thereby abrogating the parent-child immunity.
In count one of its apportionment complaint, Metropolitan alleges that "[i]mmediately prior to the accident, the minor plaintiff had been a passenger in a vehicle operated by his father, William Prince. At the time of the accident, William Prince had parked his vehicle on the east of Seaview Avenue and/or in a lot on the east side of Seaview Avenue." Metropolitan further alleges that the injuries suffered by the plaintiff were caused "in whole or in part by the negligence and carelessness of William Prince, in one or more of the following respects: (a) he failed to exercise the care required of a parent for a child of the minor plaintiff's age and maturity; (b) he failed to keep said child under proper supervision and control; (c) he failed to instruct or restrain said child from going into the street where he knew or should have [known] of the presence of vehicular traffic; (d) he was negligent in not instructing his minor child concerning the dangers of public highways and the care required when upon the same; (e) he permitted the minor child to go into and/or across the street without the exercise of proper care and supervision; (f) he allowed and permitted the minor child to be upon a public street, when he knew or should have [known] that such was unsafe; (g) he failed to keep and maintain a proper lookout for the safety of his minor child." None of these alleged acts of negligence on part of the apportionment defendant relate to the "operation of a motor vehicle." See General Statutes §52-572c. Metropolitanl nevertheless, claims that the apportionment complaint "sets out that [the apportionment defendant] operated his vehicle just prior to the accident and that his vehicle was in the vicinity when the minor plaintiff was struck by the vehicle driven by Elba Trinidad." (Metropolitan's Memorandum in Opposition, p. 3.). Metropolitan argues that these allegations are sufficient to allege that the apportionment defendant was operating his motor vehicle and therefore falls under the exception to parental immunity of § 52-572c. CT Page 9299
In Ooms v. Ooms, 164 Conn. 48, 49, 316 A.2d 783 (1972), the plaintiff, an unemancipated minor, brought an action to recover damages for injuries suffered when she was struck by a motor vehicle while crossing a street. One of the defendants was the plaintiff's mother who, it was claimed, caused the child's injuries by reason of her negligent operation of the family car in which the plaintiff had been riding as a passenger immediately prior to the accident. Id. The trial court granted the mother's motion for summary judgment based on the parental immunity doctrine. Id., 50. On appeal, the plaintiff argued that her injuries were caused by her mother's negligent operation of a motor vehicle within the meaning of General Statutes §52-572c. Id., 51. The Supreme Court stated that "regardless of whether the [mother] can be considered to have been negligent in the operation of her automobile when she stopped it on the traveled portion of the highway, it was not that act on her part which resulted in the . . . plaintiff's injury, but rather" her decision to allow her three year old daughter to cross the street unattended and without providing proper lookout for other vehicles. Id. "[T]hese were two separate acts and it was clearly the latter act, in no way related to the operation of the motorvehicle, which directly resulted in the . . . plaintiff's injury." (Emphasis added.) Id. The Supreme Court found that "no causal relationship existed between the [mother's] act of stopping her car in the traveled portion of the highway and the subsequent injury to the . . . plaintiff . . . ." Id., 52. Therefore, the Supreme Court found it unnecessary to discuss the meaning of the words "operation of a motor vehicle" as used in the statute. Id.[2]
All the allegations of negligence contained in count one of the apportionment complaint, if true, would prove that the apportionment defendant was negligent in allowing his son to cross the street unattended and without providing a proper lookout. The Supreme Court has found that such conduct is in no way related to the operation of a motor vehicle where there is no causal connection. See Ooms v. Ooms, supra, 164 Conn. 51. There is no allegation of any causal connection here between the apportionment defendant's stop of the vehicle and the plaintiff's subsequent injuries.
Since the plaintiff's injury was not caused by the apportionment defendant's operation of a motor vehicle, §52-572c is not applicable. Accordingly, the apportionment defendant has immunity from liability under the parental immunity doctrine. CT Page 9300
Therefore the court grants the plaintiff's motion to strike as to count one of the apportionment complaint.
DAVID W. SKOLNICK, JUDGE.