LINDA D. JOHNSON ET AL. *v.* CARRIAGE HILL OF
BRISTOL, INC., ET AL.

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 166155

Memorandum filed March 12, 1971

*Halloran, Sage, Phelon & Hagerty,* of Hartford,
for the third-party plaintiff (named defendant).

*Butler, Volpe & Sacco,* of Hartford, for the third-
party defendant Federal Welding and Manufactur-
ing Company.

RUBINOW, J. In the third-party complaint, the
third-party plaintiff, hereinafter called the indem-
nitee, seeks indemnification from the third-party
defendant Federal Welding and Manufacturing
Company, hereinafter called the indemnitor, alleg-
ing, in substance, that the indemnitor's "active"
negligence was the direct and proximate cause of
the fall referred to in the primary action. The in-
demnitor has demurred on the ground that the in-
demnitee has not alleged that judgment has been
entered against the indemnitee in the primary suit.

In support of its demurrer, the indemnitor makes
two claims. The first is that an allegation of a prior
judgment is an essential of the indemnitee's cause

of action. The second is that General Statutes § 52-102a has not changed "the substantive requirements" for pleading a cause of action that seeks indemnification.

As the indemnitor claims, the common-law rule is that an action on an implied obligation to indemnify can be brought only after a judgment has been rendered against the person seeking indemnification. *McEvoy* v. *Waterbury,* 92 Conn. 664, 666. This rule is, however, not peculiar to the law of indemnity but merely one application of the broad common-law principle that an action at law can be maintained only on facts alleging a present right to legal relief. "Every complaint in an action at law must show a cause of action; that is, it must show a present right to have the relief claimed. If the right to have the relief claimed has not yet come into existence, then the action is prematurely brought." *Dickerman* v. *New York, N.H. & H.R. Co.,* 72 Conn. 271, 275. In other words, at common law a cause of action must have "accrued" to the plaintiff before he could bring his action. Ibid.

This principle was applicable to actions at law only; it did not apply to actions in equity, where the plaintiff could institute an action even though he had sustained no legal damage when the action was instituted. See *Woodbridge* v. *Pratt & Whitney Co.,* 69 Conn. 304, 334. In areas other than equitable actions, important exceptions to the common-law principle have been made by statute. Thus, in 1893 the legislature authorized actions to quiet title even though the defendant had made no attempt to enforce the claim alleged to be adverse to that of the plaintiff. The constitutionality of this legislation was upheld in *Dawson* v. *Orange,* 78 Conn. 96, 100, where the court characterized the action as "a novel mode of judicial procedure." The action could, of course, not have been instituted at common law,

since the plaintiff's right to bring the suit would not have "accrued" at common law until the adverse claimant had invaded a right of the plaintiff. In 1921, this "novel judicial procedure" was extended, by the Declaratory Judgment Act, to other actions seeking declarations as to "rights and other legal relations." Public Acts 1921, c. 258 (as amended, General Statutes § 52-29). The constitutionality of that act was determined in *Braman* v. *Babcock,* 98 Conn. 549, 557.

Hence, when the legislature enacted General Statutes § 52-102a in 1965, the Supreme Court had judicially affirmed that the General Assembly can constitutionally authorize a plaintiff to institute an action which would have been premature at common law. Section 52-102a had as its "purpose and effect . . . to accelerate the accrual of the right to assert a claim against the impleaded person, and it does not affect his substantive rights. . . . The statute is procedural in nature . . . ." *Schurgast* v. *Schumann,* 156 Conn. 471, 487. By *Schurgast,* the Supreme Court established (a) that the common-law rule requiring allegations of an existing right to relief before an action is instituted is a procedural rule and not a substantive rule, and (b) that § 52-102a has accelerated the accrual of the procedural right to institute an action. In short, under § 52-102a, the right to institute an action is no longer dependent upon the present existence of a right to relief.

For the foregoing reasons, the indemnitor's claim that there is a "substantive requirement" that the indemnitee must plead the prior judgment must be overruled. Since that claim must be overruled, and since § 52-102a does not exclude actions on an implied obligation to indemnify from its "accelerating" effect, the demurrer must be overruled also.

The demurrer of the third-party defendant Federal Welding and Manufacturing Company to the third count of the third-party complaint is overruled.