ELAINE GANNUSCIO ET AL. *v.* RICHARD S. ALBEE ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 159582

Memorandum filed April 13, 1971

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the third-party plaintiff (American Steel and Aluminum Corporation).

*Butler, Volpe & Sacco,* of Hartford, for the third-party defendant (General Motors Corporation).

RUBINOW, J. The third-party plaintiff, American Steel and Aluminum Corporation, filed a substituted third-party complaint, dated August 21, 1970, against General Motors Corporation. In the first count of that complaint, American Steel alleges that it bought from General Motors a 1965 GMC truck; that the truck was "in an unreasonably dangerous condition" when American Steel bought it, because the retaining nut on the left-wheel assembly had a right-hand thread; that the left-wheel assembly came off while the truck was being operated; that the wheel struck a vehicle owned by the plaintiff Anthony F. Gannuscio and driven by the plaintiff Elaine Gannuscio; and that the Gannuscios have instituted a suit against American Steel.

In the second count of the substituted third-party complaint, American Steel incorporates the same facts with regard to the Gannuscio suit and alleges that General Motors expressly and impliedly warranted to American Steel and to the public that the truck was "safe and fit for its intended use . . . and contained no defects . . . which would endanger one in the use of same or . . . cause the same to . . . inflict injury upon other persons"; that American Steel bought the truck in reliance upon those warranties; and that the truck was not safe and was unfit for its intended use. In the prayer for relief, American Steel prays judgment holding General Motors liable for any sums that American Steel may be required to pay the Gannuscios, together with legal fees, costs and expenses in defending the suit brought by the Gannuscios.

General Motors has demurred to American Steel's complaint on three grounds. The first and third grounds may be considered together since, in those

grounds, General Motors gives the complaint an interpretation different from the one the court gives it. General Motors, in the first ground, speaks of "the cause of action sounding in strict liability in tort, as set forth in the First Count," and, in the third ground, speaks of "the cause of action sounding in breach of warranty, as set forth in the Second Count." The court, however, views those counts as setting forth a cause of action based on an implied duty to indemnify. What American Steel seeks is a recovery, not for any losses sustained by it directly as a result of a tort or breach of warranty, but for losses resulting from the suit brought against it by the Gannuscios. If American Steel, under the allegations of the third-party complaint, has a right of action against General Motors, it arises out of (a) the losses allegedly sustained by the Gannuscios, and (b) American Steel's liability to the Gannuscios for those losses. The action, therefore, sounds in indemnification. See *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 410; *McEvoy* v. *Waterbury,* 92 Conn. 664, 666; *Waterbury* v. *Waterbury Traction Co.,* 74 Conn. 152, 164.

The allegations in the third-party complaint concerning strict liability in tort and breach of warranty are, however, not surplusage. It is essential for American Steel to allege and prove facts from which the trier could find that the Gannuscios could recover from General Motors; otherwise, there would be no basis for a finding that General Motors, and not American Steel, ought to bear the ultimate burden of compensating the Gannuscios. In the first count, the basis for the Gannuscios' recovery against General Motors is alleged to be strict liability in tort; in the second count, the basis is alleged to be breach of warranty. Whether these two counts state the same cause of action it is not necessary for the court to determine now. It is sufficient to note

that in *Mitchell* v. *Miller,* 26 Conn. Sup. 142, the court, after reviewing the authorities, concluded that, on grounds of strict liability in tort where breach of warranty was alleged, a nonpurchaser may recover for injuries sustained as a result of a defectively manufactured product. Each count of the third-party complaint, therefore, contains allegations which would permit the trier to find that the Gannuscios could recover from General Motors and that the ultimate burden of compensating the Gannuscios for their losses should fall on General Motors and not on American Steel. See Campbell, *"Non-Consensual Suretyship,"* 45 Yale L.J. 69, 89. Accordingly, the first and third grounds of the demurrer must be overruled.

In the second ground of the demurrer, General Motors claims that "the cause of action sounding in indemnification as set forth in the First and Second Counts" is demurrable because it does not allege that the Gannuscios have obtained a judgment against American Steel. This court considered a similar claim in *Johnson* v. *Carriage Hill of Bristol, Inc.,* 29 Conn. Sup. 169. The substance of the decision there was that, even before General Statutes § 52-102a was enacted, the legislature, in statutes such as those authorizing declaratory judgments and actions to quiet title, had constitutionally changed the common-law rule that a plaintiff has to show a present right to the relief claimed; that, with respect to actions coming within its terms, General Statutes § 52-102a makes it unnecessary for a plaintiff to show the present existence of a right to relief; and that the right to institute a third-party action for indemnity before a judgment has been obtained against the indemnitee applies to indemnitors who may be liable on an implied obligation to indemnify as well as to those who may be liable on an express obligation to indemnify.

The demurrer of General Motors Corporation to the substituted third-party complaint of American Steel and Aluminum Corporation is overruled.