## HELEN CUPINA *v.* ROBERT BERNKLAU
### (6568)

SPALLONE, DALY and NORCOTT, Js.

Argued September 20—decision released December 6, 1988

*Donn A. Swift,* for the appellant (defendant).

*William H. Cashman,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment for the plaintiff rendered by the trial court.

The defendant claims that the trial court erred (1) in finding that a $4000 transaction between the plaintiff and the defendant was a loan rather than a gift, (2) in

determining that General Statutes § 52-576 was the applicable statute of limitations in this case, and (3) in denying the defendant's motion to implead.

The record reflects the following facts. The plaintiff, the defendant's mother-in-law, advanced to the defendant on six occasions monies ranging in amounts from $416.40 to $4000. Five of the payments were made between May, 1970, and December, 1975. The last payment was made by check on October 25, 1983, and was in the amount of $4000. There is no dispute that the defendant did in fact receive these funds. On August 22, 1986, the plaintiff made a demand upon the defendant for repayment of the funds. The defendant refused to repay.

The plaintiff's six count revised complaint alleged that the plaintiff had loaned money to the defendant and that the parties agreed the money would be repayable on demand. The defendant's answer to the complaint denied that the transactions constituted loans. To each count of the revised complaint the defendant raised two special defenses: first, that the plaintiff gave the monies to the defendant as gifts, and second, that the plaintiff's claims were barred by the three year statute of limitations, General Statutes § 52-581. The defendant moved to implead his then wife, the plaintiff's daughter. The motion was denied.

The case was tried to a state trial referee, who determined that all the transactions were loans, not gifts. The court also held that recovery on all the loans, except the $4000 loan made on October 25, 1983, was barred because the plaintiff had delayed making her demand for an unreasonable length of time. As to the $4000 loan made on October 25, 1983, the court held that the plaintiff's right of action accrued on August 22, 1986, when she demanded repayment, that the plaintiff had not delayed an unreasonable length of time in

asserting that demand, and that recovery was not barred under General Statutes § 57-576, the applicable statute of limitations. Accordingly, the court rendered judgment for the defendant on the first five counts of the plaintiff's complaint and for the plaintiff on the sixth count. The sole subject of this appeal is the $4000 transaction described in the sixth count of the plaintiff's complaint.

The defendant's first claim of error is that the evidence does not support the trial court's finding that the parties mutually agreed the defendant would repay the money transferred to him by the plaintiff and that, therefore, the court erred in finding that the transaction was a loan.

In its memorandum of decision, the trial court concluded that all the payments, including the October, 1983 payment at issue, were made pursuant to an oral contract "with the clear understanding and assurance on the part of the defendant that repayment would be made when [the plaintiff] needed it and asked for it." On this appeal, the defendant disputes the court's finding that the parties reached a "clear understanding," arguing that the evidence shows no agreement was ever reached with respect to repayment or the terms of repayment.

When the factual basis of the trial court's decision is challenged on appeal, the role of this court is to determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). We have reviewed the record and conclude that the trial court's finding that the parties mutually agreed the defendant would repay the money to the plaintiff on demand is sufficiently supported by the

evidence. The testimony of the plaintiff and her daughter, if believed, would establish that, at the time of the transaction, both the plaintiff and the defendant understood the transfers to be loans, not gifts, and that the defendant promised to repay the money transferred to him. The testimony is adequate to support the finding that a repayment agreement existed. The defendant, in effect, urges us to evaluate the credibility of the conflicting testimony in this case and reject as unreliable the evidence relied upon by the trial court. This we decline to do. "[T]he trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony." *Damora* v. *Christ-Janer,* 184 Conn. 109, 112, 441 A.2d 61 (1981); see also *Leo* v. *Leo,* 197 Conn. 1, 6, 495 A.2d 704 (1985). The trial court's factual finding that a repayment agreement existed between the parties is sufficiently supported by the evidence. We will not speculate on the credibility of the testimony supporting that finding.

In his second claim of error, the defendant argues that the trial court erred in determining that General Statutes § 52-576,[1] rather than § 52-581,[2] was the applicable statute of limitations in this case. We agree with the trial court that General Statutes § 52-576, the six year statute of limitations, applies. General Statutes § 52-576 limits to six years actions on "simple" contracts, while General Statutes § 52-581 limits to three

---

[1] General Statutes § 52-576 provides in pertinent part: "ACTIONS FOR ACCOUNT OR ON SIMPLE OR IMPLIED CONTRACTS. (a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section."

[2] General Statutes § 52-581 provides in pertinent part: "ACTION ON ORAL CONTRACT TO BE BROUGHT WITHIN THREE YEARS. (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues."

years actions on oral contracts. These two statutes, each establishing a different period of limitation, can both be interpreted to apply to actions on oral contracts. Our Supreme Court has distinguished the statutes, however, by construing § 52-581, the three year statute of limitations, as applying only to *executory* contracts. *Tierney* v. *American Urban Corporation,* 170 Conn. 243, 247–249, 365 A.2d 1153 (1975); *Campbell* v. *Rockefeller,* 134 Conn. 585, 587, 59 A.2d 524 (1948). In this case, the parties agree that the plaintiff transferred money to the defendant and that the defendant accepted the money. The plaintiff performed her part of the contract completely. All that remained was for the defendant to repay the plaintiff. The contract was therefore not executory in character. See *Tierney* v. *American Urban Corporation,* supra, 249 (contract was executed when plaintiff had done everything he had contracted to do by procuring, as agreed in oral broker's contract, a lease on specified property for the defendant); *Campbell* v. *Rockefeller,* supra, 587–88 (contract was executed when, under oral contract for goods and services, plaintiff had performed all obligations undertaken). Because the contract was executed, General Statutes § 52-576, not General Statutes § 52-581, applies to the transaction involved in this case. The trial court was correct in its determination on this issue.

Because we conclude that General Statutes § 52-576, the six year statute of limitations, applies in this case, it is clear that the claim arising out of the October 25, 1983 loan is not time barred. Under any possible legal construction of the facts in this case, the plaintiff brought this action within the six year period prescribed in General Statutes § 52-576, the applicable statute of limitations. The oral loan agreement was made on October 25, 1983. The plaintiff demanded repayment, and the defendant refused to repay, on August 22, 1986. The plaintiff filed suit to collect on the loan on Janu-

ary 9, 1987. Even assuming that the plaintiff's cause of action "accrued" as early as the date the loan was made and not, as the trial court held, on the date demand was made, the plaintiff filed her lawsuit within the six year period permitted by General Statutes § 52-576. Review of the trial court's conclusion on the issue of when the plaintiff's right of action accrued is therefore unnecessary.

The defendant's final claim of error is that the trial court erred in denying the defendant's motion to implead. The defendant moved pursuant to General Statutes § 52-102a[3] to implead the plaintiff's daughter, Mary Ellen Bernklau, who was then his estranged wife. The court denied the motion. On appeal, the defendant argues that Mary Ellen Bernklau should have been a defendant in this case because she received the direct benefit of the money loaned to the defendant.

General Statutes § 52-102a permits a defendant who believes that a nonparty individual "is or may be liable to him for all or part of the plaintiff's claim against him" to move the trial court to permit service of a summons and complaint on that individual. The defendant did not have a statutory *right* to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court. General Statutes § 52-102a; *Salvio* v. *Salvio,* 186 Conn. 311, 324 n.11,

---

[3] The defendant did not state in his written motion to the trial court the legal grounds for the motion. It is clear, however, from the language employed by the defendant in the motion and from his appellate brief that the motion was made pursuant to General Statutes § 52-102a.

General Statutes § 52-102a provides in pertinent part: "(a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."

441 A.2d 190 (1982). The defendant has failed to demonstrate that the trial court abused its discretion in denying the motion, and no abuse of discretion is otherwise evident.

We conclude that the trial court properly found that the October, 1983 payment made by the plaintiff to the defendant was a loan, that the court applied the correct statute of limitations, and that the court did not abuse its discretion in denying the defendant's motion to implead.

There is no error.

In this opinion the other judges concurred.