[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I.
On May 16, 1990, plaintiff Cynthia M. Forader, as the administratrix of the estate of Merrick G. Forader, filed a two-count complaint against the defendants Windsor Lodge #2060, Benevolent and Protective Order of Elks of United States of America, Inc. (Lodge), and Patricia N. Lemieux, permittee of said Lodge, for the wrongful death of Merrick G. Forader, who CT Page 4107 was killed on November 21, 1989, when a car in which he was riding as a passenger was struck by a motor vehicle owned and operated by John Magee, who had been drinking at the defendant Lodge before the accident occurred. Plaintiff brings the first count of her complaint under the Dram Shop Act, Conn. Gen. Stat. 30-102. Plaintiff brings the second count in common law tort and alleges that the decedent's death was caused by the willful and reckless conduct of the defendants.
The pleadings between the parties are closed.
On November 8, 1990, pursuant to Conn. Gen. Stat.52-102A, defendants Lodge and Lemieux filed a motion to implead John Magee as a third party defendant seeking indemnification and contribution under Conn. Gen. Stat.52-572h. Plaintiff has filed an objection to defendants' motion to implead.
 II.
General Statutes 52-102a permits a defendant who believes that a nonparty individual `is or may be liable to him for all or part of the plaintiff's claim against him' to move the trial court to permit service of a summons and complaint on that individual. Cupina v. Bernklau, 17 Conn. App. 159, 164
(1988). Conn. Gen. Stats. 52-102a does not give a defendant a statutory right to implead a third party, id.; but rather the statute leaves the decision of such motions to the sound discretion of the trial court. Id.
Defendants Lodge and Permittee's third party complaint contains the allegations of the plaintiff's complaint and further alleges "(7) Any of the plaintiff's decedents [sic] injuries and damages were directly and proximately caused by John Magee's negligence; (8) If, despite Patricia Lemieux and the Windsor Lodge #2060's denial of legal responsibility, liability is imposed upon Patricia Lemieux and the Windsor Lodge #2060, then John Magee should be held legally responsible for causing and contributing to the plaintiff's injuries and damages as a result of his conduct, and his conduct should be held to be the primary cause of the injuries and damages while Patricia Lemieux and the Windsor Lodge #2060's conduct is a secondary cause." Defendants' third party claim seeks money damages, contribution and indemnification.
Defendants' sole argument in support of their motion to implead is that Conn. Gen. Stat. 52-572h, which now permits contribution between joint tort-feasors, allows the defendants to implead John Magee for contribution and indemnification. A similar argument was made and rejected by the court, CT Page 4108 Hodgson, J., in Gurton v. Board of Education, 3 CLR 591, (April 29, 1991).
In Gurton v. Board of Education a slip and fall case, the third party defendant, Girardi, moved to strike the count of the third party complaint which alleged that Girardi "is liable for contribution for any damages which the plaintiff might recover." Id. at 592. The basis for Girardi's motion to strike was that "a claim for contribution is legally insufficient where the third party plaintiff has not alleged that it has been required to pay damages to the plaintiff." Id.
The third party plaintiff in Gurton argued that it could plead a claim of contribution against Girardi because Conn. Gen. Stat. 52-102a allows a defendant to serve a complaint on any person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The third party plaintiff in Gurton further argued that Girardi may be liable to it because of Conn. Gen. Stat. 52-572h(c), (g), (h).
The court in Gurton rejected the third party plaintiff's argument. In so doing the court reasoned,
 Section 52-572h(g) provides that if a claimant is, in certain circumstances, unable to collect the proportion of his damages attributed to a particular "liable defendant," the court may reallocate the damages among the other defendants. Section 52-572h(h) gives a defendant whose liability has been increased by such reallocation a right to contribution from the other defendant in the amount of the excess over the proportionate share of the claim.
 The [third party plaintiff's] reasoning overlooks the fact that Girardi is not a defendant as to the plaintiff's claim. Therefore, unless and until the plaintiff asserts a claim against him, Girardi will not be a "liable defendant" within the terms of 52-572h(g), and the possibility of reallocation to the [third party plaintiff] of damages allocated against Girardi will thus not occur.
Id. See also Rondeau v. Ritenour, 1 CLR 413 (March 28, 1990, Spear, J.).
While some superior courts have sanctioned the use of a motion to implead for purposes of contribution under Conn. Gen. Stat. 52-572h; see Lombardi v. Johnstone, 4 CSCR 386
(April 17, 1989, Healy, J.); Hinkley v. Whipple, 5 CSCR 114, CT Page 4109 (December 14, 1989, Mack, J.); it is concluded that Gurton v. Board of Education is a better reasoned decision and should therefore be followed by this court.
It is therefore held that pursuant to the reasoning of the court, Hodgson, J., in Gurton v. Board of Education, the present defendants may not assert a claim for contribution under Conn. Gen. Stat. 52-572h against Magee, as Magee is not a defendant as to the plaintiff's claim. Accordingly, the defendants' motion to implead is denied.
STENGEL, J. CT Page 4110