[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE REVISED THIRD-PARTY COMPLAINT, (#158)
I. FACTS
The following facts are alleged in the revised third-party complaint, #152. On April 27, 1990, the plaintiff, Fowler's Village Market, Inc., commenced this action against the defendant/third-party plaintiff, Cole Associates, Inc. ("Cole").[1]
The complaint alleges that Cole sold a Super System Deck Oven (the "oven") to the plaintiff and installed the oven at the plaintiff's premises. The plaintiff alleges that a fire completely destroyed its premises and that the fire was caused by the oven. The complaint asserts a products liability claim, a negligence claim and a breach of warranty claim against Cole.
On April 16, 1991, the court, Leuba, J., granted Cole's motion to implead Super Systems, Inc., Piper Products, Incorporated, Piper Products, Incorporated, dba Super Systems, Inc., Piper Products, Incorporated, dba Super Systems, Piper Products, Incorporated, dba Super Systems Food Equipment, Super Systems Food Equipment and Super Systems (collectively, "Super Systems") as third-party defendants. CT Page 4372
The first count of the third-party complaint alleges that if the plaintiff ultimately prevails in its claims against Cole, then Super Systems is liable for the damages sustained by the plaintiff pursuant to General Statutes Sec. 52-572, et seq., and General Statutes Sec.52-577a, and that Cole is entitled to indemnification and/or contribution from Super Systems.
The second count of the third-party complaint alleges that if the plaintiff ultimately prevails in its claim against Cole, then Cole is entitled to indemnification and/or contribution from Super Systems because Super Systems had control of the situation to the exclusion of Cole and because it should be found that the plaintiff's losses were caused by Super Systems negligence and not Cole's actions, which were passive in nature.
The third count of the third-party complaint alleges that if the plaintiff ultimately prevails in its claims against Cole based on the Connecticut Uniform Commercial Code (the "UCC"), then Cole is entitled because Super Systems is liable to the plaintiff pursuant to the UCC.
Super Systems now moves to strike the third-party complaint.
II. DISCUSSION
"The motion to strike is used to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989), citing Practice Book Sec. 152. The pleadings susceptible to a motion to strike are the "complaint, counterclaim, cross-complaint, prayer, answer [and] special defense." Deutsche Bank Co. v. Hermann,4 CSCR 771 (September 28, 1989, Cioffi, J.), citing Practice Book Sec. 152. In reviewing the legal sufficiency of a pleading, the trial court must "assume the truth of the facts alleged and construe them in the light most favorable to sustaining the sufficiency of the [pleading]. Michaud v. Wawruck,209 Conn. 407, 408, 551 A.2d 738 (1988)." Bouchard v. People's Bank, 219 Conn. 465, 467, 594 A.2d 1 (1991). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985) (emphasis in original). "[I]f facts provable under the allegations would support a defense or a cause of action, the [motion to strike] must fail." Ferryman v. Groton, supra, 142 (citations omitted). CT Page 4373
I. Failure to allege the oven was not altered or modified in any way
Super Systems argues that General Statutes Sec.52-572p requires Cole to allege that the oven was not altered or modified in any way by the plaintiff, by Cole or by any third party. General Statutes Sec. 52-572p (a) provides that: "[a] product seller shall not be liable for harm that would not have occurred but for the fact that his product was altered or modified by a third party . . ."
"Facts which are consistent with [the complainant's statements of facts] but show, notwithstanding, that he has no cause of action must be specifically alleged" as a special defense. Practice Book Sec. 164. Facts showing that the oven was altered or modified would be consistent with Cole's statements of facts but show, notwithstanding, that Cole has no cause of action. These facts may be pleaded as a special defense and that the absence of an alteration or a modification is not an essential element of a product liability suit.
Furthermore, the cases cited by Super Systems, Prokolkin v. General Motors Corporation, 170 Conn. 289, 299,365 A.2d 1180 (1976); Guglielmo v. Klausner Supply Co.,158 Conn. 308, 313, 259 A.2d 608 (1969); Rossignol v. Danbury School of Aeronautics, Inc., 154 Conn. 549, 559,227 A.2d 418 (1967), are inapposite because the plaintiffs in these cases were seeking recovery based on Sec. 402A of the Restatement (Second) of Torts rather than General Statutes Secs. 52-5721 through 52-572r. The Restatement (Second) of Torts Sec. 402A provides that:
 (1) One who sells any product in defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if
 (a) the seller is engaged in the business of selling such a product, and
 (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. CT Page 4374
Thus, the Restatement (Second) of Torts Sec. 402A provides that a product seller is liable if the product reaches the user without substantial change. General Statutes Sec.52-572p, entitled "Limitation of liability of product seller," is substantially different because it provides that "[a] product seller shall not be liable for harm that would not have occurred but for the fact that his product was altered or modified by a third party. . . ." General Statutes Sec. 52-572p. (emphasis added). General Statutes Sec.52-572p provides a defense to a product liability action.
II. Failure to allege facts showing that Super Systems was negligent
Super Systems argues that Kaplan v. Merlberg Wrecking Corporation, 152 Conn. 405, 416, 207 A.2d 732
(1965), requires Cole to plead and prove that Super Systems was negligent. Super Systems argues that Cole's failure to so plead renders Cole's second count legally insufficient.
The ninth paragraph of Cole's second count states: "If the Plaintiff prevails against Cole Associates, Inc., then it should also be found that the Plaintiff's losses and damages were caused by the negligence of the Third-party Defendants and not the actions of Cole Associates, Inc., which were passive in nature." The fourth paragraph of Cole's second count states: "The third party defendants. . . manufactured, designed, assembled, distributed and constructed the [oven] in question."
Reading these two paragraphs together, the second count contains a "plain and concise statement of the material facts on which the pleader relies" and fairly appraises Super Systems of the fact on which Cole intends to rely, namely, that Cole is alleging that Super Systems negligently manufactured, designed, assembled, distributed and constructed the oven. See Practice Book Secs. 108, 109.
III. Failure to specify the section of the UCC relied upon
Super Systems argues that the third count of the third-party complaint is legally insufficient because Cole has failed to specify the precise section of the UCC it is relying upon in violation of Practice Book Sec. 109A. Practice Book Sec. 109A provides that "[w]hen any claim made in a complaint, cross complaint, special defense or other pleading is grounded on a statute, the statute shall be specifically identified by its number." CT Page 4375
Practice Book Sec. 109A has been consistently held to be directory rather than mandatory. Hanover Ins. Co. v. Fireman's Fund Ins., Co., 217 Conn. 340, 345,586 A.2d 567 (1991), citing Rowe v. Godou, 209 Conn. 273, 275,550 A.2d 1073 (1988).
IV. Failure to allege privity between Cole and Super Systems
Super Systems argues that the failure of Cole to allege that Cole is in privity with Super Systems renders its third count legally insufficient. Super Systems alleges that Cole does not have the benefit of the implied warranty imposed by General Statutes Secs. 42a-2-314 and 42a-2-318 on product sellers and manufacturers for the benefit of the consumers and users of their products because Cole was neither a consumer nor user of the oven.
Cole's third count is based on indemnity and contribution rather than on breach of warranty. Gannuscio v. Albee, 29 Conn. Sup. 189, 191, 278 A.2d 469 (Super.Ct. 1971). "What [the third-party plaintiff] seeks is a recovery, not for any losses sustained by it directly as a result of a tort or a breach of warranty, but for losses resulting from the suit brought against it by [the plaintiffs]." Id. "It is essential for [the third-party plaintiff] to allege and prove facts from which the trier could find that the [plaintiffs] could recover from [the third-party defendants]; otherwise, there would be no basis for finding that [the third-party defendants], and not [the third-party plaintiffs], ought to bear the ultimate burden of compensating the [plaintiffs]." Id. Because the third count of Cole's third-party complaint states a cause of action which would permit the plaintiffs to recover from Super Systems, namely, a breach of warranty between a product manufacturer and a consumer of that product under the UCC, it is found that the failure of the third count to allege privity between Cole and Super Systems is irrelevant.
For the reasons herein stated it is concluded that the motion to strike ought to be and is hereby denied.
ARENA, J.