[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for nonpayment of a $30,000 note, interest on the note, and attorney's fees. The plaintiff claims that the defendant agreed to execute a mortgage to secure the note, and that the mortgage was never signed, which was a default under the terms of the agreement, requiring payment of the $30,000 loan and accrued interest. The defendant has filed a motion for summary judgment on two grounds: (1) this action was not commenced within the period of the applicable statute of limitations; and (2) the action is premature because payment of the loan and accrued interest was not due under its terms until 2013.
Summary judgment may be granted under 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. To prove that there is no genuine issue as to any material fact the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442, 445. In deciding whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247.
In support of the motion the defendant has submitted a copy of the note signed by her dated May 21, 1984 and a copy of the amended complaint in this action. The plaintiff has filed a copy of the note and a certificate of title issued by a title insurance company in 1989 to the plaintiff's attorneys for property owned by the defendant in Trumbull. Neither side has filed any affidavits on the material facts surrounding the $30,000 loan from the plaintiff to the defendant or any collateral agreements related to the loan. The complaint states that the plaintiff loaned the defendant $30,000 on August 23, 1983. The $30,000 note dated May 21, 1984 provides for interest at 6% per year from August 26, 1983. The mortgage note form used by the parties provides for monthly payments of principal and interest, but the blanks on the form for the amount of the monthly payment and the commencement date for payments are marked "N/A". The note contains a final payment payment date of July 26, 2013 "when the balance of the unpaid principal and interest shall be due and payable." It also states that it is secured by a mortgage dated June 15, 1984 from Donna Ruggiero to Anthony Testo on property in Trumbull, "and recorded or about to be recorded in Trumbull, Connecticut, the terms, covenants and conditions of which mortgage are made a part hereof." The note contains the standard provision for acceleration of the note upon default in the payment of any installment of principal or interest. The note also provides for reasonable attorney's fees and costs of collection in the event of default.
Paragraph four of the amended complaint alleges an agreement whereby the defendant agreed to execute a promissory note and mortgage and that the entire balance of the loan would become due if a default occurred. Other than the mortgage note for $30,000 dated May 21, 1984, there is no document signed by the defendant. The record does not disclose whether the claimed agreement of August 23, 1983 was oral or written. It is undisputed that no mortgage deed securing the note was ever recorded in the Trumbull land records, and the record does not CT Page 6755 disclose whether a mortgage was ever signed by the defendant. The plaintiff evidently claims that neither he or his attorney discovered that there was no mortgage on the defendant's Trumbull property until after a title search in early 1989. The amended complaint alleges that on March 13, 1989 the defendant again failed to sign a mortgage, although the record contains no material facts in support of or contradicting that allegation.
A summary judgment may be granted where the action is barred by the statute of limitations. Barnes v. Schlein,192 Conn. 732, 738. This action was commenced on June 15, 1990, when the defendant was served. The defendant claims that if the plaintiff relies upon an oral agreement it is barred by the three year provision in 52-581 of the General Statutes, and that if the agreement to sign a mortgage was in writing that it was barred by the six year statute of limitations, 52-576
C.G.S. Neither party refers to the statute of limitations for an action on a note, 42a-3-118 of the General Statutes. Moreover, it is unclear from the one count complaint whether the plaintiff is suing for breach of an oral agreement made on August 23, 1983, which was partially performed when the defendant signed the $30,000 note on May 21, 1984, or whether this is an action on the note itself for the balance of the loan and the accrued interest.
In either case, 52-581 of the General Statutes does not apply. The three year period in that statute applies only to executory contracts, and not to an oral agreement where the plaintiff transferred money to the defendant pursuant to the agreement and the defendant accepted the money but otherwise failed to perform the contract. Cupina v. Bernklau, 17 Conn. App. 159,163; Tierney v. American Urban Corporation, 170 Conn. 243,247-249; Campbell v. Rockefeller, 134 Conn. 585, 587.
Where the plaintiff performs an oral contract by loaning money, breach of a contract to repay the loan is governed by the six year statute of limitations in 52-576 of the General Statutes. Cupina v. Bernklau, supra, 163. An action on a contract governed by that statute must be brought "within six years after the right of action accrues." Section 52-576(a) C.G.S. A cause of action accrues under that statute when the contract is breached, not when the plaintiff first discovers damage from breach of the contract, unless there is conduct equivalent to fraudulent concealment of a cause of action. Kennedy v. Johns-Manville Sales Corp, 135 Conn. 176, 179. CT Page 6756 It is not clear from the record when the defendant breached the contract. The note refers to a subsequent mortgage of June 15, 1984. Since there is no indication that the parties made time of the essence for the defendant to sign the mortgage, the defendant would not be in breach of the agreement if it was signed a few days after that date, Sternberg v. Infante,13 Conn. App. 473, 476. Breach of the oral agreement may have occurred after June 15, 1984. Even if the cause of action accrued on June 15, 1984, service of the complaint on June 15, 1990 was at most one day late, and the statute would not apply if the process was delivered to the sheriff within a few days prior to that date. See 52-593a C.G.S. In short, there are genuine issues of material fact for a summary judgment on a statute of limitations defense under 52-576(a).
As previously noted, the one count complaint is arguably an action on a note. Section 42a-3-118(a) of the General Statutes provides in part that an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after that date. The plaintiff claims that demand for payment was made on March 13, 1989, after it was discovered that the mortgage had not been signed and recorded and the defendant again refused to sign a mortgage. In addition, the defendant claims that the obligation to pay the note and accrued interest was not due until July 26, 2013. In either case this action is not barred by the statute of limitations for actions on a note,42a-3-118(a) C.G.S. Where two causes of action are combined in one count of a complaint, summary judgment cannot be granted if one cause of action is valid. Schofield v. Bic Corporation,3 Conn. L. Rptr. 229, 6 Conn. Super. Ct. Rpts. 195 (1991).
The defendant makes the related claim that if the note is valid it can only be construed as requiring payment in 2013 since it did not provide for monthly payments, and that an action on the note is premature. The plaintiff counters that the defendant's failure to sign a mortgage as required by the terms of the note itself is a default which allowed the plaintiff to accelerate the loan upon demand in March 1989. It is not clear from the terms of the note itself or other documents filed by the parties exactly what they agreed to or even their intent, other than the fact that the plaintiff was to obtain some security for the $30,000 loan made in August 1983. Summary judgment is inappropriate to determine questions of CT Page 6757 motive and intent. Batick v. Seymour, 186 Conn. 632, 646-47, and there is a question of fact whether the note cannot be due until 2013.
The motion for summary judgment is denied.
ROBERT A. FULLER, JUDGE