[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Insofar as the defendants, motion to cite in relies on General Statutes § 52-102 and claim of apportionment pursuant to General Statutes § 52-572(c), the motion should be denied because the defendants have not requested an order requiring the plaintiff to amend his complaint to serve the City of Waterbury, which is the proper procedure for a motion to cite in for the purposes of apportionment pursuant to General Statutes § 52-572h(c). [Woodson v. Bonanza Bus Line,] 11 Conn. L. Rptr. 296, 197 (February 23, 1994, Sylvester, J.).
However, the defendants, proposed third-party complaint primarily relies on allegations of contractual indemnification, and the motion to cite in references Practice book § 117 and General Statutes § 52-102a. Practice Book § 117 and General Statutes § 52-102a dictate that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or maybe liable to him for all or part of the plaintiff's claim against him." In addition, the defendants' proposed third-party complaint, although characterizing the requested recovery as apportionment and indemnification, seeks recovery for the City of Waterbury's potential liability to the [defendants,] rather than the plaintiff and, therefore, the proposed third-party complaint sets forth a claim for indemnification. [Commissioner v. Lake Phipps Land OwnersCorporation,] 3 Conn. App. 100, 102, 485 A.2d 580 (1980); see also Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701,535 A.2d 357 (1988). Therefore, the defendants' motion, although CT Page 5012 improperly titled a motion to cite in, is actually a motion to implead. Practice Book § 117; General Statutes § 52-102a.
"The defendant [does] not have a statutory [right] to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis in the original.) [Cupina v. Bernklau,] 17 Conn. App. 159, 164,551 A.2d 37 (1988). "The motion may be filed any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." General Statutes § 52-102a.
"An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the [impleader] statute. [Senior v. Hope,] [156 Conn. 92, 98,239 A.2d 486 (1968)." [Commissioner v. Lake Phipps Land OwnersCorporation,] supra. "As a fundamental and threshold requirement, a third party plaintiff must allege that the third party defendant is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against him." Id. The right to implead is not dependent on the existence of the present right to relief. [Johnson v. Carriage Hill of Bristol,Inc.,] 29 Conn. Sup. 169, 171, 276 A.2d 908 (Super.Ct. 1971).
The defendants have alleged the necessary elements for a claim based on indemnification. The plaintiff's objection to the motion, although raising potential defenses for the City of Waterbury, does not raise any grounds for denying the motion, such as undue delay or prejudice. Therefore, insofar as the motion seeks to implead a third-party defendant for the purposes of indemnification pursuant to Practice Book § 117 and General Statutes § 52-102a, the motion is granted.
/s/ Sylvester, J. SYLVESTER