[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR PERMISSION TO IMPLEAD
On October 8, 1993, the plaintiffs, Robert Maresca and Carmen Vives, the administrator and administratrix of the estates of the ten decedents, and Hector Romero, Sr., ("Romero"), filed a sixteen count complaint, pursuant to General Statutes § 52-572m et. seq. ("Connecticut Product Liability Act") against the defendants, De Longhi, S.P.A., De Longhi America, Inc. (referred to collectively in this memorandum as "De Longhi") and Bradlee's, Inc., seeking redress for injuries and deaths arising from a fire allegedly caused by a defective heater designed, manufactured and sold by De Longhi.
On October 19, 1994, "[p]ursuant to Practice Book § 117, C.G.S. § 52-102a(a), and § 52-577a(b)" De Longhi filed an amended motion to implead "John Laposky, Jane Laposky, Maximino Torres and Octavia Aviles, who are not parties to this action, but who are or may be liable for all or part of the claimants' claims." In he first count of the proposed third-party complaint, De Longhi seeks to implead based on indemnification, and in the second count, De Longhi seeks to implead based on contribution. The plaintiffs filed a memorandum in opposition.
Practice Book § 117 provides in pertinent part that: [a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim CT Page 12669 against him. Such a motion may be filed at any time before trial and such permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."
"The defendant [does] not have a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis in original.) Cupina v. Bernklau, 17 Conn. App. 159, 164,551 A.2d 37 (1988).
"An impleading party has the burden of alleging facts sufficient to bring an action within the requirements of the [impleader] statute." Beaudoin v. Town Oil Co., 207 Conn. 575,588, 542 A.2d 1124 (1988). "As a fundamental and threshold requirement, a third party plaintiff must allege that he third party defendant is or may be liable to the third party plaintiff for all or part of plaintiff's claim against him." Id.
General Statutes § 52-577a(b) permits a product seller to implead any third party who is or may be liable for all or part of a plaintiff's product liability claim. This section allows a product seller to implead any third party whether or not the third party's liability arises under the Connecticut Product Liability Act. Babcock v. New Haven Suzuki. Inc.,2 Conn. L. Rptr. 607, 609 (October 18, 1990, Berdon, J.).
De Longhi moves to implead "John and Jane Laposky, the owners of 6 Erwin Place, and Octavia Aviles and Maximino Torres, who owned the heater, and were responsible for its modification on two separate occasions." (Defendants' memorandum in support of amended motion to implead.) De Longhi moves to implead the owners of 6 Erwin Place because they allegedly violated fire, building and housing codes. De Longhi moves to implead the owners of the heater because they allegedly re-spliced the electrical cord twice.
1. Statute of Limitations
General Statutes § 52-577a(b) provides: "In any such action [i.e., a product liability action], a product seller may implead any third party who is or may be liable for all or part of the claimant's claim if such third-party defendant is served with the third-party complaint within one year from the date the CT Page 12670 cause of action brought under subsection (a) of this section is returned to the court." The plaintiffs' product liability action against De Longhi bears a return date of March 1, 1994, and therefore, De Longhi has until March 1, 1995 to serve the potential third-party defendants. See Safeco Insurance Company v.Ford Products Corporation, 6 Conn. L. Rptr. 165 (March 18, 1992, Hadden, J.).[1]
2. Indemnification
"Ordinarily, there is no right of indemnification between tortfeasors." Atkinson v. Berloni, 23 Conn. App. 325,326, 580 A.2d 432 (1989). However, the availability of common law indemnification causes of action in product liability cases appears to depend on the relationship of the parties in the suit. See Kyrtatas v. Stop Shop, Inc., 205 Conn. 694,535 A.2d 357 (1988) prohibiting indemnification claim where all potential defendants were parties to suit); Malerba v. Cessna Aircraft Co.,210 Conn. 189, 554 A.2d 287 (1989) (allowing indemnification claim where defendant sought to implead persons not already parties to the suit). See also, Hoboken Wood FlooringCorp. v. Torrington Supply Company. Inc., 5 Conn. L. Rptr. 219
(November 19, 1991, Blue, J.) (discussing interplay betweenKyrtatas and Malerba); Palmer v. Caterpillar Tractor,4 Conn. L. Rptr. 190, 191 (June 25, 1991, Stengel, J.) (holding Kyrtatas
limited to its facts).
Because the relationship of the parties in Malerba v.Cessna Aircraft Co. is the same as the relationship of the partie's in the present case, Malerba governs. In Malerba, an aircraft manufacturer had attempted to implead the aircraft owner and the aircraft mechanic based upon indemnification and contribution.Malerba v. Cessna Aircraft Co., supra, 210 Conn. 190-91. The trial court granted the plaintiff's motion to strike the indemnification and contribution counts, and after the case went to judgment, the supreme court found error with the trial court's ruling. Id., 191-92.
"[T]here is within the language of both General Statutes § 52-102a and 52-577a(b) implicit authority for defendants to maintain both contribution and indemnification actions against third parties." Malerba v. Cessna Aircraft Co., supra,210 Conn. 196. The court reasoned that the language of General Statutes § 52-572r(d), which prohibits indemnification against immune parties, implies that "indemnity actions against those CT Page 12671 who are not so immune are authorized." Id.
"It is said that the rule supported by the great weight of authority is that a judgment in favor of the plaintiff in an action against two or more defendants is not res judicata or conclusive of the rights and liabilities of the defendants inter se in a subsequent action between them, unless those rights and liabilities were expressly put in issue in the first action, by cross complaint or other adversary pleadings, and determined by the judgment in the first action." (Internal quotation marks omitted.) Id., 197-98.
Therefore, the court reasoned, "[t]he reason that the indemnity claim is not finally determined by the first-party judgment lies in the fact that indemnification implicates different factual and legal considerations which may be outside of the matters determined in the first-party plaintiff's claim under the product liability act." Id., 198. An indemnitee must prove "`that the negligence with which it had been found chargeable was passive or secondary, while the indemnitor had been negligent and in a manner which was active and primary.'" Id., quoting Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,415, 207 A.2d 732 (1965).
Therefore, contrary to the plaintiffs' argument, "common law indemnification continues as a viable cause of action in the context of product liability claims and . . . the comparative responsibility principles that serve as its foundation do not bar a later determination of liability as between an indemnitee and an indemnitor." Malerba v. Cessna Aircraft Co., supra,210 Conn. 198.
However, in order to successfully plead active/passive indemnification, De Longhi must allege facts sufficient to prove the following: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." Atkinson v. Berloni supra,23 Conn. App. 326-27. In addition, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id., 328. CT Page 12672
De Longhi has not alleged facts sufficient to establish an independent legal relationship between the owners of the property, and/or the owners of the heater, and itself. Although De Longhi argues that it would be impossible to demonstrate a legal relationship in most cases, "it is axiomatic that a decision by the Appellate Court is binding upon the Superior Court until overruled." Bascetta v. Droney, 5 Conn. L. Rptr. 419, 420 (January 6, 1992, Schaller, J.)
Therefore, because of the lack of an independent legal relationship between the third-party plaintiffs and the potential third-party defendants, De Longhi S.P.A.'s and De Longhi America, Inc.'s request for permission to implead based on indemnification is denied.
3. Contribution
Connecticut did not recognize contribution among tortfeasors at common law. See Sims v. Honda Motor Co., Inc., 225 Conn. 401,417, 623 A.2d 995 (1993). "Connecticut General Statutes § 52-572h
abolishes the common law rule of no contribution between joint tortfeasors and provides for allocation of fault among them and apportioning any award of damages consistent with their degree of fault." White v. B.J.W. Car Rental,9 Conn. L. Rptr. 55, 57 (May 3, 1993, Sullivan J.). Generally, the right to contribution "exists only in post judgment proceedings pursuant to General Statutes § 52-572h(h)." Aponte v. Johnson,7 Conn. L. Rptr. 364, 366 (September 18, 1992 (Rush, J.). Also, a claim for contribution pursuant to Tort Reform II may not be made against a joint tortfeasor that has not been made a party by the plaintiff. Fortin v. Bok, 4 Conn. L. Rptr. 223 (May 31, 1991, Ballen J.)
However, the supreme court apparently carved out an exception to the general rule in the context of product liability actions. See Malerba v. Cessna Aircraft Co., supra, 210 Conn. 189. "The [Connecticut Product Liability Act] authorizes, at least within the context of product liability claim, contribution between joint tortfeasors; General Statutes § 52-572o(e); and, not withstanding the statutory preconditions, that remedy is available in an action for damages based upon a product liability claim by impleading the prospectively liable third party."Babcock v. New Haven Suzuki, Inc., supra,2 Conn. L. Rptr. 607. See also, Sims v. Honda Motor Co., Inc., supra, 225 Conn. 418
CT Page 12673 (noting that "the legislature has enacted statutes allowing a tortfeasor to implead, in certain circumstances, potentially liable join tortfeasors. See, e.g., General Statutes §§ 52-572o(e) and 52-102a(a); see also Malerba v. Cessna AircraftCo."); Lopez v. General Motors Corp., 9 Conn. L. Rptr. 116 (May 17, 1993, Gray, J.) (noting that "[a]bsent impleader, a claim for contribution pursuant to § 52-572o may be made only after the rendering of a judgment or a discharge of liability by payment to the plaintiff." [Emphasis added.])
In Malerba, the supreme court considered the preconditions in General Statutes § 52-572o, and harmonized "the apparent inconsistency . . . by concluding that the preconditions of § 52-572o (e) apply only to those circumstances where a party elects to pursue an independent cause of action for a contribution rather than impleading the prospectively liable third party as authorized by § 52-102a and § 52-577a(b)." Malerba v. CessnaAircraft Co., supra, 210 Conn. 195. "[T]hese statutes implicitly authorize the initiation of contribution actions by defendants in product liability cases." Id., 195-96. Contribution is allowed whether or not the joint tortfeasors' liability arises under the Product Liability Act. Babcock v. New HavenSuzuki, Inc., supra, 2 Conn. L. Rptr. 609.
Therefore, because a claim for contribution is allowed in the context of a product liability claim, De Longhi, S.P.A. and De Longhi America, Inc.'s motion for permission to file a third-party complaint based on contribution is granted.
CONCLUSION
De Longhi, S.P.A. and De Longhi America, Inc.'s motion for permission to implead is denied to the extent that it seeks indemnification from the parties charged, and granted to the extent that it seeks contribution from the parties charged.
SUSAN B. HANDY JUDGE, SUPERIOR COURT