[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO IMPLEAD #163
CT Page 12324
On February 4, 1992, the plaintiff, Barbara Rice, brought a three count amended complaint against the defendants, Francis Sullivan, the City of Bridgeport and the State of Connecticut Commissioner of Transportation (the "state"). The first count alleges negligence against Sullivan, arising out of a motor vehicle accident. In the first count of her complaint, Rice alleges that Sullivan collided with the Rice's vehicle at the intersection of Fairfield Avenue and Lafayette Circle. Rice further alleges that the traffic signal at the intersection was not functioning at the time of the accident. The second and third counts, brought against the city and state, respectively, for apportionment purposes only, allege that the defective traffic light constituted a highway defect.
On November 30, 1994, the state brought a motion to strike the third count of Rice's complaint. That motion was granted by the court, (Moran, J.), on January 24, 1994. On March 14, 1994, the court, (Fuller, J.) granted Sullivan's motion to reargue as to the state's motion to strike. On July 25, 1994, the court, (Pittman, J.), upon reconsideration of the state's motion to strike, reaffirmed the previous order granting the motion. On November 10, 1994, the state filed a motion for judgment which was granted by the court, (Pittman, J.).
On June 13, 1995, Sullivan filed a motion to implead the state, a memorandum of law in support of his motion and a proposed third party complaint directed against the state. The state filed an objection to Sullivan's motion to implead on June 30, 1995.
Sullivan has moved the court to implead the state as a third party defendant for apportionment purposes only. Such motions are governed by General Statutes § 52-102a.[1] "[A] defendant [does] not have a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." (Emphasis omitted.) Cupina v. Bernklau, 17 Conn. App. 159,164, 551 A.2d 37 (1988).
In support of his motion to implead, Sullivan argues that in order to accomplish the purposes of tort reform, the state must remain a party to the present action. That way, Sullivan argues, any liability to the plaintiff resulting from acts or omissions by the state may be assessed to reduce Sullivan's share of the liability for the accident. CT Page 12325
In its objection to Sullivan's motion to implead, the state argues that (1) a motion to implead is procedurally improper when attempting to add a party for purposes of apportionment; (2) the court has already rendered a judgment in the state's favor in the present case; and (3) the state is immune from liability in the present case.
Sullivan's proposed third party complaint seeks as relief only "apportionment of liability pursuant to C.G.S. 52-572h(c)."[2]
Sullivan does not assert in his motion or proposed complaint, as required by § 52-102a, that the state is liable to him. Rather, Sullivan alleges in his proposed complaint that the state shares any liability to the plaintiffs. "This court has previously held . . . that a motion to cite in pursuant to General Statutes 52-102, rather than a motion to implead pursuant to General Statutes § 52-102a, is the vehicle for adding a defendant to a plaintiff's action for purposes of apportioning liability . . . ." Ortiz v. Douglas,9 Conn. L. Rptr. 62 (April 27, 1993, Hennessey, J.).[3] "The service of a summons and third-party complaint, pursuant to 52-102a, does not confer party status in the original action upon the third-party defendant so served, such that the third-party defendant's negligence would be considered in apportioning liability for damages." Shuhl v. New Haven Food Terminal, Inc.,11 Conn. L. Rptr. 416 (April 26, 1994, Hartmere, J.). Moreover, Sullivan "cannot circumvent the provisions of General Statutes 52-102 by instead seeking to implead [the state] under General Statutes 52-102a." Id.; see also, Franklin v. St. Luke's Community Services,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 116791 (March 30, 1995, Karazin, J.).
A motion to implead pursuant to § 52-102a is improper where the moving party's claim for relief in the proposed complaint seeks apportionment of liability pursuant to General Statutes § 52-572h. Accordingly, Sullivan's motion to implead is denied.
McKEEVER, JUDGE