[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Robson Coggins, a minor, and Tracy, his mother and next friend, instituted this proceeding against Robert Resha with a two count complaint sounding in negligence. Subsequently, Resha served a two count complaint seeking indemnification and apportionment upon a third party defendant, Thomas' Refuse Service. The complaint alleges that they were tenants on property owned by Resha. Robson was injured when a dumpster located on the property fell on him.
The third party defendant, Thomas' Refuse Service (hereinafter Thomas'), has moved to strike both counts of Resha's complaint. It alleges that to two defendants had a contract for garbage collection and that the dumpster was owned and controlled by Thomas'. The first count of the complaint seeks indemnification from Thomas' on the ground that Thomas' negligence caused the plaintiffs' injuries. The second count seeks apportionment of liability pursuant to Sec. 52-572h(c) of the General Statutes.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15
(1992). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140 (1980). CT Page 5114-YYY Further, the court must "take the facts alleged in the complaint and construe them in a manner most favorable to the pleader. . . . [This] does not include, however, the legal conclusion or opinions stated in the complaint." (Citations omitted; internal quotation marks omitted.) Forbes v. Ballaro,31 Conn. App. 235, 238-39 (1993). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson, 42 Conn. Sup. 114, 116 (1991).
Thomas' has raised two grounds for striking the first count of Resha's complaint: (1) it is barred by the statute of limitations; and (2) it fails to allege an independent legal duty as required for indemnification. As to the second count, Thomas' argues that the claim for apportionment is legally insufficient as a matter of law. Each argument will be addressed separately.
Thomas' argues that Resha's negligence count is barred by Sec. 52-584 of the General Statutes which establishes a two year limitations period for negligence actions. Resha argues that Sec.52-584 of the General Statutes does not apply to a third party complaint seeking indemnification based on Public Act 93-370, now codified at Sec. 52-598a. Section 52-598a provides: "Notwithstanding any provision of this chapter, an action for indemnification may be brought within three years from the date of the determination of the action against the party which is seeking indemnification by either judgment or settlement." Without citing any case law, Thomas' argues that under Sec. 52-598a, Resha may not bring his claim for indemnification until after the plaintiffs' action goes to judgment or settlement. The court is satisfied that Thomas' interpretation of the statute is incorrect and that Resha may proceed with his claim for indemnification. Public Act 93-370 was enacted specifically to avoid the time bar that Thomas' has attempted to raise. Shuhl v.New Haven Food Terminal, Inc., Superior Court, judicial district of New Haven, Docket No. 309459 (April 26, 1994, Hartmere, J.) (holding that P.A. 93-370 was enacted to overturn rule that "the limitation period governing defendant's third-party claim for indemnification began to run at the time of the third-party defendant's negligent act, and not on the date of potential judgment and resulting demand for payment"). Further, Sec. 52-102a
of the General Statutes "accelerate[s] the accrual of the right to assert a claim against the impleaded person. . . ."Schurgast v. Schumann, 156 Conn. 471, 487; Johnson v. CarriageHill of Bristol, Inc., 29 Conn. Sup. 169, 171 (1971). Thomas' was impleaded pursuant to Sec. 52-102a (Riefberg, J., August 21, CT Page 5114-ZZZ 1995), thus, Resha's indemnification claim is timely.
Thomas' also argues that the first count is insufficient because it fails to allege the existence of an independent legal duty between Resha and Thomas' as required for a valid indemnification claim. Resha argues that the independent legal relationship is sufficiently pleaded in the form of the allegation that the parties had a contract relating the dumpster which caused the injuries. Resha's position is supported by case law. By pleading the existence of an express contract, Resha has sufficiently alleged the existence of an independent legal relationship and, in so doing, has sufficiently stated a claim for indemnification. Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 409-10 (1965); Barr v. Harbor Park Associates,
Superior Court, judicial district of Stamford/Norwalk at Norwalk, Docket No. 126722 (November 22, 1995, Lewis, J.) ("By alleging a contract between the parties . . . [the defendant] has sufficiently alleged an independent legal relationship. ").
Thomas' also moves to strike the second count for failure to state a claim upon which relief may be granted. It argues in its memorandum of law that a claim for apportionment alone, pursuant to Sec. 52-572h, "does not seek affirmative relief" and is, therefore, improper. As asserted by Thomas' and as held by other courts of this state, "[a] claim for apportionment does not seek affirmative relief . . . [and] does not constitute a cause of action. . . ." (Internal quotation marks omitted.) Samela v.Reed, Superior Court, judicial district of Litchfield, Docket No. 68641 (December 1, 1995, Pickett, J.).
Notably, this action was initiated in May, 1995 and, therefore, Public Act 95-111 regarding apportionment does not apply as argued by the defendant Resha. Consequently, the second count is stricken. Thomas' motion to strike is, accordingly, granted as to the second count but denied as to the first count.
Moraghan, J.